THE FARMERS' STATE BANK OF ALTON v. THE PENNSYLVANIA INVESTMENT COMPANY.

1. FRAUD *in Obtaining Loan* — *Rights of Lender.* Where a person seeking to make a loan on real estate makes material false statements as to the character of the security offered, and of the improvements on the lands, concerning which the mortgagee is not otherwise informed, the mortgagee, after having advanced a part of the money on the loan, may, on discovery of the truth, refuse to pay over the balance of the loan, and may, after having offered to return the note and cancel the mortgage, on repayment, retain the note and mortgage as security for the moneys already advanced. The mortgagee will not be driven to an election between an action to rescind the contract and recover the money advanced, and an action for damages resulting from the plaintiff's fraud.

2. APPLICATION FOR LOAN — *Original Instrument* — *Evidence.* An application for a loan on real estate, signed in blank by the mortgagor, and delivered to an agent with the instruction to copy the statements contained in an application to another company, and which is afterward so filled up by such agent, is an original instrument, and admissible in evidence without producing the application from which the statements were copied.

*Error from Osborne District Court.*

ACTION by the *Farmers' State Bank of Alton* against the *Pennsylvania Investment Company.* There was a judgment for defendant, and plaintiff brings error. The opinion states the facts.

*W. W. & W. F. Guthrie,* for plaintiff in error.

*Robinson & McBride,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: The plaintiff in error brought suit against the defendant, in the district court of Osborne county, to recover the sum of $500, as the balance of a loan made by defendant to one Wilson. It appears without contradiction that Wilson executed a mortgage to the defendant for $4,000; that only $3,500 was advanced thereon by the defendant, and that Wilson's claim for the remaining $500 was assigned to the plaintiff. The answer of the defendant alleges that the loan was secured through false representations. It appears that a written application had been made to another company which refused to make the loan. Wilson signed his name to one of the defendant's blank applications, and authorized D. E. Goddard to copy into the blank the statements with reference to the property which were contained in the application to the other loan company. Goddard filled up the blank, and it was forwarded to the defendant. The application contained material misrepresentations in regard to the number of acres of land under fence, and other matters. After the defendant had paid off prior incumbrances, and advanced money amounting to $3,500, it discovered the facts with reference to the land, and offered to return the mortgage and cancel the loan, on repayment of the amount actually expended, or to reduce the loan to $3,500, the amount already advanced. Wilson did not accept either proposition, but transferred his claim for the balance to the plaintiff. The defendant entered a credit for $500 on the note.

It is contended that the defendant, on discovery of the fraud which had been practiced on it, had its election between two remedies only—one to rescind the contract, and recover the money advanced; the other to affirm the contract, and recover damages occasioned by the fraud. This is not the law. The defendant, on discovering the fraud, had a right to re-

fuse to proceed any further with the loan, and to withhold the balance unpaid. Wilson and his assignee have no standing in court in an action based on his untruthful statements.

It is urged that the written application was not the basis of the loan; that McBride, the agent of the defendant, personally inspected the premises; and that the defendant was bound by whatever he saw, or could have discovered with ordinary diligence. The evidence fails to show that the boundaries of the land were correctly pointed out to the agent, or that he was fully informed as to the material facts which must have been known to Wilson. There was no error in admitting the application. It was signed by Wilson, and afterward filled up by Goddard as his agent. The insurance cases cited in the plaintiff's brief, where applications were filled up by the agent of the insurance company, have no application in this case.

While Goddard received a commission on all loans made by the defendant on applications forwarded by him, he had no authority to bind the defendants to make a loan, or to accept or reject an application. Goddard testifies that he correctly copied the statements from the other application, as directed by Wilson. Nor is it shown that Goddard knew the truth with reference to the land. Under these circumstances, the defendant cannot be held to have had knowledge of all the material facts. The fact that these statements were copied from the former application did not render it necessary that that application also should be produced. The application received in evidence was the original signed by Wilson. The statements contained in it were the statements of Wilson, and of no one else. We find no error in the record, and therefore affirm the judgment.

All the Justices concurring.